JOHN SHORT'S ADM'R. v. MARTIN D. RAMSEY.

Where a bidder at administrator's sale fails to comply with the terms of the sale, in order to hold him responsible under the Statute, for the difference between the price bid by him and the price for which the land is afterwards sold, the re-sale must be made within a reasonable time.

What shall be deemed a reasonable time must depend upon the circumstances of the case. In all cases the administrator should proceed to re-advertise and sell as soon as he conveniently can, after the default of the bidder at the first sale has been fully ascertained.

Where a bidder at administrator's sale to whom land is knocked off fails to comply with the terms of the sale, it would seem that the administrator may immediately re-advertise and sell without further order of Court.

Quere, whether, and how far, a purchaser at administrator's sale is required to comply with the terms of sale before the confirmation of the sale by the Court.

Where land was knocked off to the defendant, at administrator's sale, in January, 1855, and the sale was approved at the January Term of the Probate Court, and the defendant having failed to comply with the terms of the sale, the land was re-sold in December thereafter, it was held that the delay in making the re=sale was so unreasonable, in the absence of any circumstances of explanation, as to release the defendant from his liability under the Statute, to pay the amount by which the price for which the land was finally sold, fell short of the amount bid by him at the former sale.

Appeal from Fayette. Tried below before the Hon. James H. Bell.

Suit by appellant against appellee for the sum of $264, being the difference between the price at which a tract of three hundred acres of land was bid off by the defendant at administrator's sale by plaintiff, and the amount for which it was afterwards sold, and five per cent. on the amount of the defendant's bid. The land was the headright of G. Guinn. The first

sale was on the 2nd day of January, 1855, and the land was bid off by defendant at one dollar per acre. The sale was approved at January Term of the Probate . Court. The second sale was ordered at October Term, 1855, and was made on the first Tuesday in December, at seventeen cents per acre. There was no allegation or evidence as to the cause of the delay. The testimony as to defendant's failure was, that witness acted as agent for plaintiff at the time said land was sold ; that on the day of sale he requested defendant to execute his note for the purchase money ; and that after said sale had been approved by the Court, he informed defendant that the deed was ready for him, and again requested him to comply with the terms of said sale ; and that defendant failed to comply therewith.

The Judge charged the jury, without request, that the bidder at the first sale in such a case, is not liable for the difference between the bids, unless the second sale is made in a reasonable time, and that the time in this case was unreasonable ; that the defendant might be liable for the five per cent., but that the remedy would be in a Justice's Court.

*J. T. Harcourt*, for appellee.

WHEELER, J. The only question which it is material to consider is, whether the Court erred in the charge, to the effect, that the neglect of the administrator to re-advertise and sell the property, from January, 1845, when the first sale was approved by the Probate Court, and the defendant was in default in not complying with the terms of the sale, until the October following, released the defendant from his liability to the estate for the deficiency in the price for which the last sale was effected, below the sum bid by him upon the first sale.

We are of opinion that there is no error in the charge. By reference to Article 1175 of the Digest, it will be seen that

when the first purchaser fails to comply with the terms of the sale, the administrator has only to re-advertise and proceed again to sell the property ; and as a new order of sale is not required, there is nothing to prevent his doing this immediately. His duties, as prescribed in the following Section and various other provisions of the law, and the nature of his trust require that he shall proceed with all convenient promptness and dispatch. The interest of the estate and all concerned demand it. If it be for the renting of lands or the hiring of slaves, it is obvious that such delay would not only be very injurious to the estate, but might be made to operate very oppressively upon the bidder. There may be less reason for prompt action in case of the sale of lands. But even lands and property of any description may depreciate in value, or other causes may conspire to prevent it from bringing its value at a second sale, especially if it be long delayed.

Justice to the first purchaser as well as the interests of the estate demand, that the re-sale be effected at as early a period as conveniently may be. It ought to be done within a reasonable time, or the purchaser be held discharged of his liability to make up the deficiency in price. What shall be deemed a reasonable time must depend upon the circumstances of the particular case. In all cases the administrator should proceed to re-advertise and sell as soon as he conveniently can, after the default of the bidder at the first sale has been fully ascertained. Without attempting to fix any certain period as applicable to all cases, this general rule should certrinly be observed. And we concur in opinion with the Court below, that a delay from January to October, unexplained, is too great a delay, and such as ought to discharge the defendant from liability to the estate for the deficiency in price. We are of opinion, therefore, that there is no error in the judgment, and it is affirmed.

Judgment affirmed.