GOODMAN et al. v. SCHWIND et al.*
(No. 51.)

(Court of Civil Appeals of Texas. Beaumont.
March 16, 1916. Rehearing Denied
April 6, 1916.)

1. COURTS ⟷247(3)—JURISDICTION OF DISTRICT COURT.

The district court of a county had only appellate jurisdiction to revise, declare void, or set aside orders and decrees of the county court, sitting in probate, relative to the sale of land of minors on their guardian's application, and had no authority to consider the facts of innocent purchasers, question of title, etc.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 759, 760; Dec. Dig. ⟷247(3).]

2. APPEAL AND ERROR ⟷20—JURISDICTION OF TRIAL COURT.

Where the trial court has no jurisdiction, neither has the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87; Dec. Dig. ⟷20; Courts, Cent. Dig. § 489.]

3. CLERKS OF COURTS ⟷3—DISQUALIFICATION — APPOINTMENT PRO TEMPORE — STATUTE.

Acts 20th Leg. c. 109 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1745, 1746), touching disqualification of clerks of the county courts when a party to any proceeding, and the appointment of clerks pro tempore, relates to county clerks both in their capacity of county clerks and their capacity of probate clerks.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 4–7; Dec. Dig. ⟷3.]

4. GUARDIAN AND WARD ⟷90 — SALE OF WARDS' REALTY—VOID ORDERS—STATUTE.

Where the county court, sitting in probate, made orders relative to the sale of wards' realty at a time after their guardian, the applicant, had been elected and was clerk of the court, no clerk pro tem. having been appointed pursuant to Acts of 1887, p. 102, requiring such appointment when the clerk is a party, such orders were void.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 349–355; Dec. Dig. ⟷90.]

5. COURTS ⟷202(5)—PROBATE COURTS—SALE OF REALTY—APPOINTMENT OF CLERK PRO TEMPORE—INFERENCE.

In suit to declare void orders of a county court, sitting in probate, touching the sale of the realty of wards on application of their guardian who was, at the time, clerk of the court, the district court could not infer from the mere silence of the record of the county court that a clerk pro tempore was appointed as required by Acts of 1887, p. 102, when the clerk is a party.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 486; Dec. Dig. ⟷202(5).]

Error from District Court, Orange County; A. E. Davis, Judge.

Suit by Charles R. Goodman and others against William F. Schwind and others. To review a judgment for defendants, plaintiffs bring error. Judgment reversed, and judgment rendered declaring orders of the county court complained of void.

J. T. Adams, of Orange, and W. O. Huggins, of Houston, for plaintiffs in error. Geo. E. Holland, of Orange, E. E. Townes, of Beaumont, L. A. Carlton and E. W. Townes, both of Houston, W. W. King, of San Antonio, and Gaines & Corbett, of Bay City, for defendants in error.

BROOKE, J. On the 13th day of March, 1913, Charles Reviere Goodman, Josiah Traylor Goodman, John Willard Goodman, a minor, Leeland Keith Goodman, a minor, and Lawrence Hart Goodman, a minor, and John W. Hart, guardian of said minors, as plaintiffs, filed in the district court of Orange county, Tex., their original petition complaining of Schwind & Maher, a partnership composed of William F. Schwind and John G. Maher, William F. Schwind and John C. Maher, W. S. Stark, Leo C. Stark, Flora E. Williamson, Layne & Bowler, a partnership composed of M. E. Layne and T. E. Bowler, and M. E. Layne and T. E. Bowler, E. S. Allison and Levi Paul, T. P. Gillespie, William Williamson, Carter C. Williamson, G. A. Salesbury, Frederick Schmidt, Henning Schmidt, F. D. Milius, Albert Fischer, Otto Risch, H. S. Willrodt, Christ Polenz, H. P. Drought & Co., composed of H. P. Drought alone, and complaining of Patrick Henry Drought, and of Patrick Henry Drought & Co., a firm composed of Patrick Henry Drought alone, and of A. H. Worden and also complaining of certain decrees and orders purporting to have been made in the county court of Orange county, Tex., in cause No. 177, styled "Guardianship of Charles Reviere Goodman, Josiah Traylor Goodman, John Willard Goodman, Leeland Keith Goodman, and Lawrence Hart Goodman."

The orders complained of consisted of a decree entered on the 3d day of February, 1903, upon the application of C. L. Goodman, guardian, ordering said Goodman to sell certain land; also an order entered on the 10th day of February, 1903, upon the application and report of C. L. Goodman, guardian, confirming and approving the sale of the land; also an order entered on the 23d day of April, 1904, upon the application and report of C. L. Goodman, guardian, to the effect that George E. Williams had not complied with the terms of sale but was ready to comply with said sale as to a part of the land described, and approving and granting said application, and ordering the transfer of a part of the land described by the guardian, to the said Williamson, and confirming and approving the sale of same; also complaining of an order purporting to have been made and entered on the 9th day of April, 1907, ordering said guardian to convey the balance of the land not included in the foregoing order to said George E. Williamson, and purporting to approve and confirm the conveyance as to said remainder of the land. They alleged that Charles Reviere Goodman and Josiah Traylor Goodman are now of lawful age, but obtained their majority within the last two years next before the filing of the petition,

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

and that the remainder of the plaintiffs are minors, and John W. Hart is the legally qualified and acting guardian for the estate of said minors. They say that, prior to the year 1903, they were the owners of certain described land, and that C. L. Goodman qualified as guardian of the estate of plaintiffs, and continued to act as such until after the year 1910; that the orders made were invalid, and were insufficient to authorize the guardian to sell said land; that there was no necessity for a sale of said land; that the orders were not entered at a regular term of the county court of Orange county, and that when said orders were entered, and during the pendency of same, the court was not authorized to enter the orders, for the reasons that C. L. Goodman was at the time guardian of the estate of the plaintiffs, and also attempting to act as clerk of said probate court; that he issued all citations in relation thereto, and entered all orders and decrees as clerk of said court, and that he was in every way performing the duties of clerk of said court, and he being a party to said proceeding relating to said orders and decrees, as guardian of the estate of the plaintiffs, and that he was disqualified by law to act as clerk of said county court in the premises, and that no clerk pro tempore was appointed to act as clerk of said court, with reference to said proceedings, and that none acted as such, and that the said C. L. Goodman, purporting to act as guardian of the estate of the plaintiffs, but without authority of law, on or about the 1st day of May, 1904, and on or about the 30th day of April, 1907, executed deeds to the said land, purporting to convey the title of plaintiffs to one George E. Williamson, and afterwards, on the 8th day of December, 1909, purporting to act as said guardian, he executed in favor of said George Williamson releases of vendor's liens reserved to secure the deferred payment as a part of the consideration for the execution of said deed; that the said Williamson afterwards executed various deeds and mortgages conveying and incumbering the title to said land, and that all the remaining defendants in the suit appear, claiming some interest and equity in said land; and their petition further alleged that $5,000 of the sum received by the said C. L. Goodman, guardian, was applied by the guardian for the benefit of plaintiffs, but that they did not receive the balance of same. Plaintiffs prayed for a writ of certiorari to the county court of Orange county, Tex., to the end that said orders might be revised and set aside, and they prayed that upon a hearing the court determine to whom the proceeds received by plaintiffs from the sale of the land be returned, and what amount to each, respectively, and tendered into court the said sum of $5,000.

Defendants E. S. Allison and Levi Paul answered by general demurrer and general denial. T. P. Gillespie filed a general demurrer and general denial, and prayed that Carter C. Williamson, Flora E. Williamson, Bell Williamson, Maud Williamson, and Byron Williamson be made parties defendant upon their warranties of title, and in the event the plaintiffs should recover any judgment against him, then he prayed judgment in favor of E. S. Allison and Levi Paul, his immediate vendors, and judgment also against Flora E. Williamson, Carter C. Williamson, Bell Williamson, and Maud and Byron Williamson.

Defendants, who are appellees, Schwind and Maher answered by general demurrer, special exception that none of the defendants therein named were parties to the probate proceedings in which the orders sought to be revised were entered, and also for the reason that it appears that the plaintiffs seek, in a proceeding which is appellate in its nature, to have the court determine the rights of the parties who were not parties to the proceeding in the court below, and say it was a misjoinder of causes of action; and, by further exception, that by the petition the guardian appears to have received from the sale of land the sum of $21,071.91, and which plaintiffs do not offer to refund in the event the orders of the probate court of Orange county, made in the said guardianship proceedings, were revised and set aside; and they also answered by general denial and special answer setting up the fact that C. L. Goodman was duly qualified and acting guardian of the estate of the minors, who are plaintiffs in this cause, and, as such guardian, made application to the probate court of Orange county to sell the land set out and described in the plaintiffs' petition, which application was granted by an order duly entered on the 3d day of February, 1903, and that, acting under said orders, said Goodman, guardian, negotiated the sale of said land to said George E. Williamson for the sum of $20,807.50, and that the sale was reported to the court by the said guardian, after due notice being given, as required by law, was confirmed by an order duly entered by said probate court on the 10th day of February, 1903; and that, acting under said order and further orders made by said court on the 23d day of April, 1904, touching the sale of said land, said guardian, on May 1, 1904, conveyed to George E. Williamson, 1,564 acres of land for the sum of $11,339, and that afterwards, on the 9th day of April, 1907, the said guardian, acting under the orders of said county court of date February 10, 1903, confirming his application for authority to sell said land, and an additional order of date April 7, 1907, conveyed to the said George E. Williamson the balance of said land, to wit, 1,342.74 acres, for the sum of $9,722.90, and that the orders referred to,

with the exception of the order dated April 9, 1907, were included in the record, of the probate proceedings in the county court of Orange county, Tex.; and they further answered and set up that they relied upon the recitals contained in the orders, and that they were not aware of any irregularities, and believed that the orders made by the court and confirming the sale were true. They further said that they had paid the entire purchase price, and, by reason of the premises, George E. Williamson was an innocent purchaser, and, as such, became vested with the title to said property, notwithstanding any irregularities which may have existed or any steps taken by said guardian 'to procure said sale. That the price paid for the land was the full market value of said property; that the said George E. Williamson, at the time of the conveyances to the other defendants, warranted the title to said property, and that the other defendants now owning said land relied upon the orders above referred to, made by the county court, confirming the sale of the land, and that they believed the recitals contained therein to be true; that they had no knowledge of their irregularties complained of, at the time of the purchase; that they paid a valuable consideration for the property; and they and each of them were innocent purchasers.

Plaintiffs amended the original petition, and said that the order purporting to have been made on the 9th day of April, 1907, was in fact never made or entered, and plaintiffs further complain of the orders, because they were not signed or in any manner authenticated by the judge or clerk, nor were the minutes for the respective terms, any of them, signed or authenticated. They dismissed as to C. R. Goodman, who was discovered to be more than 23 years of age when the original petition was filed; and, in addition to the relief prayed for in the original petition, they asked for the cancellation of the deed from the guardian to Williamson.

The transcript of the county clerk of Orange county, in response to the writ of certiorari, was duly returned and filed in the district court of Orange county. Charles Reviere Goodman took a nonsuit, and was dismissed from the suit without prejudice. On the 1st day of May, 1915, the cause was tried by the court without a jury, and judgment rendered for the appellees, to which appellants excepted and gave notice of appeal. They filed a motion for the trial court to file findings of fact and conclusions of law, and the court filed its reasons for judgment. The case has been transferred legally from the Court of Civil Appeals at Galveston to this court.

Before entering upon a discussion of the case, it will, perhaps, be well to set out the orders in full. On the 3d day of February, 1903, the court ordered the sale, and its order reads as follows:

"On this 3d day of February, 1903, came on to be heard the application of C. L. Goodman, guardian of the estates of said minors, to wit: Charles Reviere Goodman, Josiah Traylor Goodman, John Willard Goodman, Leland Keith Goodman, and Lawrence Hart Goodman, asking for an order to sell the following described lands, which belong to the estate of said minors, at private sale, to wit: All that certain tract or parcel of land described as follows: Beginning at the upper corner of a 3,003-acre tract owned by C. & R. K. Traylor, a post on the south bank of East Caranchua creek; thence south 45 E. with the upper line of said tract 10,744 varas to its upper back corner, a stake marked 1 on the back line of the Traylor's pasture 82 varas N. 45 E. from the center of Reed's creek; thence N. 45 E. with the back line of said pasture 1,550 varas to a stake marked 2; thence N. 45 W. 9,816 varas to a stake on the S. bank of E. Caranchua creek from which a post oak 12 in. marked X bears S. 25 E. 18½ varas; thence down said creek with its meanders to the place of beginning, comprising within the aforesaid boundaries 2,870 acres, said land being situated on the east side of East Caranchua creek and being lot No. 1 of the partition of the estate of J. C. Traylor, deceased, and awarded by commissioners of partition of said estate, appointed by the district court of Jackson county, to Mrs. R. B. Goodman; said above-described tract being composed of several tracts mentioned in the above-recited decree, those tracts not mentioned therein as being in Jackson county being situated in Matagorda county, Tex.

"And it appearing to the court that notice of said application had been given as required by law, and that a necessity exists for the sale of said lands and that, there being no objection filed to said sale, it is ordered by the court that said application be and is hereby granted, and that said guardian, C. L. Goodman, is hereby authorized to sell said above-described real estate at private sale, either for cash or for part cash and balance on time as he shall deem best for the interest of the estate of the said minors; and he is required to make report to this court of his action in the premises."

The guardian reported the sale of the land to George E. Williamson at $7.25 per acre. The court, by its order entered on the 10th day of February, 1903, approved the sale and directed a deed to be made. This order reads as follows:

"This day came on to be heard in the guardianship of Charles Reviere Goodman, Josiah Traylor Goodman, John Willard Goodman, Leland Keith Goodman, and Lawrence Hart Goodman, minors, the report of C. L. Goodman, guardian of said minors, of the sale of the tracts of lands hereinafter described made in obedience to the order of this court, made and entered on the 3d day of February, A. D. 1903. And it appearing to the court that said report of sale has been filed and docketed in the manner, and for the time, required by law, and it further appearing upon examination that the sale was fairly made, and in conformity with law, and that said lands brought a fair price, and it further appearing that George E. Williamson became the purchaser of said land at private sale for the sum of $20,807.50, payable one-third in cash and the balance on a credit of on or before one, two, three and four years at 7% interest per annum to be secured as the law directs. That said sale ought to be confirmed, and that said land is described as follows, to wit: All that certain tract or parcel of land described as follows: Beginning on the upper corner of a 3,003-acre tract owned by C. T. and R. K. Traylor a post on the south bank of East Caranchua

creek; thence S. 45 E. with the upper line of said tract, 10,744 varas to its upper back corner, a stake marked 1 on the back line of the Traylor pasture, 82 varas N. 45 E. from the center of Reed's creek; thence N. 45 E. with the back line of said pasture 1,550 varas to a stake marked 2; thence N. 45 W. 9,816 varas to a stake on the south bank of E. Caranchua creek from which a post oak 12 in. mkd. X brs. S. 25 E. 18½ vrs.; thence down said creek with its meanders to the place of beginning, comprising within the aforesaid boundaries 2,870 acres, said land being situated on the east side of East Caranchua creek and being lot No. 1 of the partition of the estate of J. C. Traylor, deceased, and awarded by the commissioners of partition of said estate, appointed by the district court of Jackson county, to Mrs. R. B. Goodman; said above-described tract being composed of several tracts mentioned in the above-recited decree, those tracts not mentioned therein as being in Jackson county being situated in Matagorda county, Tex.

"It is therefore ordered, adjudged, and decreed by the court that the said sale be, and the same is, in all respects approved and confirmed, and that the said report of sale be recorded by the clerk. And it is further ordered that the said C. L. Goodman, guardian as aforesaid, make a proper conveyance of the said land to the said George E. Williamson upon his compliance with the said terms of sale."

On April 23, 1904, C. L. Goodman, guardian, made the following application:

"In this cause comes C. L. Goodman, guardian of the persons and estates of the aforesaid minors, and respectfully shows the court that at a regular term of this court, on the 3d day of February, 1903, this court, upon application of this guardian, ordered the sale, at private sale, by this guardian, of 2,870 acres of land, belonging to the estates of said minors, as is fully shown by said decree of record in volume F, pages 533 and 534, of the minutes of said court. That this guardian proceeded under said order, and sold said land to Geo. E. Williamson for the sum of $7.25 per acre, or a total sum of $20,807.50, and made proper report of said sale to this court, which was on the 10th day of February, 1903, in all things approved and confirmed by this court, and this guardian ordered to make deeds to said land, to the said purchaser thereof, upon his complying with the terms of said sale, all of which is shown by said last-named order, which is of record in the aforesaid volume F, on pages 534 and 535. This guardian now comes and reports to the court that the said Geo. E. Williamson, purchaser aforesaid of said land, has not yet complied with the terms of said sale, but is now ready and willing to comply with the terms of said sale as to 1,564 acres of said land, as follows: 381 acres of the Patrick Green survey, Abs. 25; 238 acres of the John Norman survey, Abs. 367; 95 acres of the John M. Norman survey, Abs. 368; 509 acres of the R. Lawder survey, Abs. 350, the last three pieces being situated in Matagorda county, Tex.; as to the remainder of said land, there has been some question raised as to the title, and said purchaser is not yet ready to take same. That the said 1,564 acres of said land is of average value with the whole of the land ordered to be sold, and the sale thereof will in no way affect the sale or value of the remainder of the land.

"Wherefore this guardian asks that he be authorized to proceed and make deed to said 1,564 acres of land, to the said Geo. E. Williamson, separate from the remainder thereof, upon his complying with the terms of said sale, and further prays for such further orders of the court as may be necessary and proper under the premises.

"(Signed) C. L. Goodman, Guardian.

"Sworn and subscribed to before me this 23d day of April, A. D. 1904.

"(Signed) W. J. Wingate, Judge, Orange County, Tex.

"Examined in open court, and application granted this 23d day of April, A. D. 1904.

"(Signed) W. J. Wingate, County Judge."

The court entered up a formal judgment granting this application, which is as follows:

"In the matters of the aforesaid guardianship, on this 23d day of April, 1904, came C. L. Goodman, guardian of the persons and estates of the aforesaid minors, and under oath made written report to the court that Geo. E. Williamson, to whom the sale of 2,870 acres of land belonging to the estates of said minors was confirmed by this court, on the 10th day of February, 1903, and conveyance ordered to be made by said guardian, upon the compliance with the terms of said sale by said Williamson, had not yet complied with the terms of said sale, but was ready and willing to comply with the terms of said sale as to the following portions of said land, to wit: 381 acres of the Patrick Green survey, Abs. 25; 238 acres of the John M. Norman survey, Abs. 248; 88 acres of the John M. Norman survey, Abs.———, all the above being situated in Jackson county, Tex.; also 253 acres of the John M. Norman survey, Abs. 367; 95 acres of the John M. Norman survey, Abs. 368; 509 acres of the R. Lawder survey, Abs. 350, the last three pieces being in Matagorda county, Tex. And said guardian applies and prays for authority to make conveyance to said Williamson to the aforesaid portions of said land, separate from the remainder thereof, upon the said Williamson complying with the terms of such sale as to such portions of said land. And said report and application having been heard and considered by the court, and it being made to appear to the court that said part of said land is of average value with the whole of said land, and that it will not affect the sale or value of the remainder of said land to sell and convey the aforesaid portion thereof separately.

"It is therefore ordered by the court that said application be and the same is hereby granted, and the aforesaid guardian is hereby ordered and authorized to make to said Geo. E. Williamson a proper conveyance to and for the above-described parts of said land as per terms of said sale, and otherwise complying with the terms thereof."

Pursuant to these orders Goodman, guardian, made a deed conveying to Williamson all the land except the Newell tract, which deed bears date May 1, 1904. The title to the Newell tract was cleared up, and thereupon Goodman, guardian, executed a deed in which was copied an order which purported to be a new or additional order made by the county court of Orange county, bearing date April 7, 1907, the order therein contained being as follows:

"In the matter of the guardianship of Charles Reviere Goodman, Josiah Traylor Goodman, John Willard Goodman, Leland Keith Goodman, and Lawrence Hart Goodman. No. 177. Pending in the county court of Orange county, Tex., April term, A. D. 1907.

"In the matter of the aforesaid guardianship, on this 9th day of April, A. D. 1907, came C. L. Goodman, guardian of the persons and estates of the aforesaid minors, and reports to the court that George E. Williamson, to whom the sale of the 2,870 acres of land belonging to the es-

tates of said minors was confirmed by the court on the 10th day of February, 1903, and conveyance ordered to be made by said guardian, upon the compliance with the terms of said sale by said George E. Williamson; that said George E. Williamson has not yet complied with the terms of said sale in full, on account of a cloud in the title to 1,342.74 acres of the J. D. Newell league of land in Jackson county, Tex., but that said cloud to the title to said 1,342.74 acres of the J. D. Newell league has been removed, and the said George E. Williamson is now ready and willing to comply with the terms of said sale as to said 1,342.74 acres of said land. And said guardian applies and prays for authority to make conveyance to said George E. Williamson, to the aforesaid portion of said land, upon the said Williamson complying with the terms of said sale as to such portion of said land, and said report having been heard and considered by the court and it being made to appear to the court that the sale under the order of the court on February 10th, 1903, has been pending during the removal of the cloud that affected the title to said land, which cloud has now been removed; that the said George E. Williamson is now ready and willing to comply with the terms in full of said sale.

"It is therefore ordered by the court that said application be, and the same is, here granted and the aforesaid guardian is hereby ordered and authorized to make to said George E. Williamson a proper conveyance to and for the above-described part of said land as per the terms of said sale, and otherwise complying with the terms thereof."

The minutes of the probate court of Orange county do not show that the last-named order was ever made or entered. Goodman, the guardian, was elected clerk of the county court of Orange county, Tex., during the year 1902. Prior to the time he assumed the duties of his office, in, to wit, November, 1902, application had been made, and he had been duly appointed and qualified as guardian of the estate of said minors. There is no testimony, direct or remote, circumstantial or inferential, that a clerk pro tempore was appointed and qualified at any time during the period covered by the orders complained of.

[1] The district court of Orange county had only appellate jurisdiction to revise, to declare void, or set aside the particular orders and decrees complained of, and had no power or authority to act in the matter otherwise. Matters have been attempted to be injected in this proceeding in the district court, such as the fact of innocent purchasers, question of title, etc., which, according to our view, the court could not, and was without authority to, pass upon.

[2] As early as the case of Wadsworth v. Chick, reported in 55 Tex. 241, it was held, among other things, that the probate court had no jurisdiction over contests for the estate of a decedent between the administrator and one claiming by virtue of a gift causa mortis; and the district court would acquire no jurisdiction by an appeal prosecuted by the administrator from a judgment rendered against him, and in favor of the claimant; that the probate court had neither constitutional nor statutory jurisdiction over such cases, and its powers and machinery are wholly inadequate to try and determine such contested issues. That court not having original jurisdiction, it would, by a familiar principle, follow that jurisdiction could not be invoked by appeal to the district court. Baker v. Chisholm, 3 Tex. 157; Davis v. Stewart, 4 Tex. 223; Able v. Bloomfield, 6 Tex. 263; Horan v. Wahrenberger, 9 Tex. 317, 58 Am. Dec. 145; Neil v. State, 43 Tex. 91.

In the case of Buchanan et al. v. Bilger et al., 64 Tex. 589, Chief Justice Willie of the Supreme Court used the following language:

"It is now the well-settled doctrine of this court that the district court has no original jurisdiction to revise and correct the proceedings, orders, and decrees of the county court sitting in matters of probate. Its jurisdiction in this respect is entirely appellate, and to be exercised by means of an appeal or the writ of certiorari as provided in our Revised Statutes. Franks v. Chapman, 60 Tex. 46."

In the case of Miers v. Betterton et al., 18 Tex. Civ. App. 430, 45 S. W. 430, it is held that the county court has not jurisdiction of the issue of title raised by the defense in motion to compel the administratrix to place land on the inventory of the estate; that the land, though conveyed to deceased, her husband, was paid for out of her separate means, and was her separate estate; and that the district court, while it has jurisdiction in original proceedings to determine title to land, has not jurisdiction to do so on certiorari to review the action of the county court in compelling the administratrix to place such land on the inventory, where to do so it was obliged to determine the issue of title, which was outside its jurisdiction; and the court, in passing upon said case, used the following language:

"But the county court had no jurisdiction to try or determine the title to land; and, upon such defense coming into the motion, it should have dismissed the motion for want of jurisdiction. And the district court had no more jurisdiction in this appellate proceeding by certiorari to pass upon the title to the land than the county court had in the first instance. And we are likewise, and for the same reason, without jurisdiction to adjudicate the question of title raised in the pleadings. We can only hold that the order of the county court of July 19, 1894, compelling the administratrix to place said land upon the inventory of the estate, is void, as well as are the orders of said court of July 2, 1895, and of July 29, 1895, each requiring and directing the sale thereof, and that they be, and hereby are, set aside, and for naught held."

In the case of McColpin et al. v. McColpin's Estate, 75 S. W. 824, it was held that the district court, trying a probate case appealed from the county court, has no jurisdiction to try a question of title founded on an alleged contract for adoption and heirship made with deceased on behalf of the purchaser by an orphan home society.

In the case of Williams v. Steele, 101 Tex. 382, 108 S. W. 155, the Supreme Court uses the following language:

"The orders of the county judge made in this estate constitute 'proceedings of the county

court,' which the district court may review by certiorari. The fact that a proceeding is void does not prevent the district court from exercising its appellate jurisdiction. It is true that, when the court in which a judgment has been rendered has not jurisdiction, the appellate court has not power to do that which the trial court could not do; but it has authority and jurisdiction over the void proceedings to declare their invalidity and set them aside" (citing Roy v. Whitaker, 50 S. W. 498; Gray v. Maddox, 5 Tex. 528; Aycock v. Williams, 18 Tex. 397).

It is held in Hallam v. Moore, 126 S. W. 908, that neither the parties themselves nor the district court could, after appeal to such court from a judgment of the county court in a suit involving matters purely of probate, convert such suit into one of trespass to try title, and that the district court's jurisdiction being only appellate was not extensible beyond that of the county court. The court says:

"It must remain in the district court the same suit that it was in the county court; for the district court's jurisdiction in the matter is only appellate, and cannot be extended beyond that of the county court. The error of consolidating the probate case with the cases of trespass to try title had its origin in the county court's allowing appellees in this case to appear in the county court and contest the administration of the administrator to distribute the fund on hand. Their claim to the land, as purchasers of one of the distributees or devisees pending the administration, did not entitle them to intervene or interfere in the matter; for they were in no way interested in the estate or connected therewith, and had no right to make themselves parties to the administration, or in any way meddle therewith. * * * The assertion of their claim would be a matter between them and Mrs. Allerdyce, to be fought out between them in a court having jurisdiction of the matter."

We believe, from the above and numerous other authorities that the action of the district court, in considering matters other than the validity of the orders complained of, was unwarranted; and nothing will be considered by this court save and except the validity of the orders made and entered in the probate court, and upon which it was the duty of the district court in this proceeding solely to have passed upon. The effect of the holding of this court, with reference to the validity of the orders made in the probate court, is a matter about which this court is not concerned. We conceive, as above said, that it is our duty alone, as the district court should have done, to pass upon the said orders so made in the probate court in the guardianship proceeding.

[3] Appellants challenge, in their first assignment of error, the holding of the lower court "that the provisions relating to the disqualification of the clerk and the appointment of a clerk pro tempore related to county clerks in their capacity of county clerks as distinguishable from the capacity of probate clerks." We can see no reason for any such distinguishment. The law is plain; and, when the Legislature, by the act of 1887 pertaining to the appointment of a county clerk

pro tempore, used the language which, in our judgment, could only mean what the words in their ordinary signification import, we are of opinion that we are not permitted to ignore the plain, unambiguous meaning of the statute. The act is as follows:

"County Clerk Pro Tem.; Appointed, When. In all cases wherein any county clerk in this state is, or shall hereafter be, a party to any pending or proposed suit, motion, or procceding in his court, the county judge in whose court the same may be pending or proposed shall, either in term time or in vacation, on application of any person interested, or of his own motion, appoint a clerk pro tempore for the purposes of such suit, motion, or proceeding." (Acts of 1887, p. 102).

"County Clerk Pro Tem.; To Qualify and Give Bond. Any person so appointed clerk shall take the oath to faithfully and impartially perform the duties of such appointment, and shall also enter into bond, payable to the State of Texas, with one or more good and sufficient sureties, in such amount as may be required by the judge, to be approved by him, and conditioned for the faithful performance of his duties under such appointment. The person so appointed shall perform all the duties required by law of the clerk in the particular suit, motion, or proceeding in which he may be appointed." (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1745, 1746.)

Without going into further details, we sustain the first assignment of error.

[4] By their second assignment of error, appellants challenge the action of the lower court in holding that the disqualification of the clerk would not render the proceedings void. Goodman was county clerk in February, 1903, and at all times when the orders complained of were entered in the probate court. We are unable to understand by what process of reasoning the court could infer, by the silence of the record, that there had been, in fact, a clerk pro tempore appointed. There is, as said before, no testimony of any kind from which such an inference could be drawn, and the mere silence of the record would not indicate, to our minds, that such clerk pro tempore had been appointed, but would indicate that such appointment had not been made. No effort was made to show any circumstance that would even tend to indicate such an appointment was made; but the fact appears of record that Goodman, the guardian, was acting as clerk at the time the orders were made, and entered the orders and decrees in which he was interested as guardian. Evidently, the Legislature intended, for many good and sufficient reasons, that a clerk should not act in any manner, as clerk, in which he was a party to any pending or proposed suit, motion, or proceeding in his court.

It is true that the probate court of Orange county, Tex., had acquired jurisdiction of the estate, the guardian having been appointed and qualified as such before Goodman became clerk of said court; but we are at a loss to understand how the probate court of Orange county could *exercise* jurisdiction

theretofore obtained, and make and enter orders concerning an estate, with no legally qualified or acting clerk of said court.; the clerk at that time being interested as guardian, and being a party to said proceeding. Therefore we are of opinion that the orders complained of were void on this account. The second assignment of error is, therefore, sustained, which, as we view it, practically disposes of this case.

[5] From what has been said above, it follows that the action of the lower court in presuming that a clerk pro tempore was appointed to enter orders was unwarranted. It would serve no good purpose for us to elaborate upon what has been said, and to follow counsel in their various propositions and counter propositions, which could only result in the discussion of academic questions, not proper or useful in the adjudication of this case. As said before, many of the various questions should not have been either raised or passed upon by the lower court, because not germane to the solution of any real issue raised in passing upon the validity of the orders of the probate court, and the question of title or innocent purchaser, of the effect of our holding that the orders made in the probate court were void, of whether the purchaser was not compelled to go behind the order of sale, etc.—these things could not be litigated in the district court in this proceeding, but, as said above, the inquiry should have been confined to the question of whether the orders made by the probate court were void, or whether they were voidable, whether they were mere irregularities, or whether the defect was fatal to said orders.

The other questions raised on this appeal, with reference to the validity of the orders, to the effect that it was not shown that it was necessary for the sale of the land to be made, or whether the purported order recited in the deed of 1907 was ever entered, or whether the court was permitted to consummate the sale under previous orders, without an additional order—these things we deem it not essential to pass upon, but, as indicated above, rest our decision as to the validity of the orders upon the fact alone that the guardian, at the time these orders and applications and decrees and judgments were entered, was the clerk of the county court of Orange county, Tex., and that no clerk pro tempore was appointed, and that the court, with reference to these matters, could not exercise its jurisdiction in the making and entering of said orders, and that the same are void and without force and effect. So believing, we hold the action of the lower court was error, and that the judgment of that court should have been that the orders complained of are void, and that it shall be so certified to the county court of Orange county, Tex., for observance.

The judgment of the lower court is therefore reversed, and judgment is here rendered declaring said orders complained of void. It is so ordered.