## T. M. Miers v. W. J. Betterton et al.

### Delivered March 28, 1898.

**1. Jurisdiction—County and District Courts—Administration Proceedings.**

The county court has no jurisdiction to compel the administratrix of her husband's estate to place upon the inventory land the legal title of which was in deceased at the time of his death, but which she avers in her answer to the motion was purchased out of her separate estate and belongs to her, since the county court has no jurisdiction to determine the title; nor has the district court such jurisdiction on certiorari to review the action of the county court, since the latter is without jurisdiction.

**2. Administration—Limitations.**

It is the duty of the district court in certiorari proceedings instituted by the widow of a decedent in her individual capacity and as administratrix and as guardian of the children to review the orders of the county court, allowing certain claims against the estate, notwithstanding that her right in her individual capacity and as administratrix is barred by the lapse of time, where the children are protected by the disability of infancy from the bar of the statute. Article 332, Revised Statutes.

**3. Same—Attorney Fees.**

The county court has no authority to allow attorney's fees on notes presented against a decedent's estate, where the notes contain no provision for such fees.

**4. Same—Limitations—Claim by Surety.**

A claim against a decedent's estate for the amount paid by the claimant as surety for the decedent is subject to the two years statute of limitation applicable to actions for indebtedness not evidenced by a contract in writing, where it does not appear that the note has been indorsed or transferred to the surety, or that he has become the owner thereof by purchase.

APPEAL from Dallas. Tried below before Hon. W. J. J. SMITH.

*K. R. Craig,* for appellant.

*Holloway & Holloway,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This is a proceeding by certiorari commenced in the District Court of Dallas County by Carrie A. Hopkins, administratrix of the estate of her deceased husband, Thomas M. Miers, and also in her individual capacity, and as guardian of her two children, T. M. Miers and Robert N. Miers, only heirs of the said Thomas M. Miers, deceased, against W. J. Betterton, to review and revise certain orders and judgments of the County Court of Dallas County made in the administration of said estate.

The petition was filed on the 30th day of August, 1895. The writ was granted by the District Court upon the plaintiffs entering into a bond of $1000, which was duly executed and filed. The cause was tried by the court and judgment was rendered refusing to review the orders of the County Court on the allowance of the claims, because the plaintiffs were barred by limitation of two years.

Pending the suit, T. M. Miers' disability of minority was removed, and three months afterwards, on March 6, 1897, he filed a pleading in his own name, adopting the allegations of his mother and guardian, except as to her claim to the land which the County Court had ordered sold, being her separate property, which he denied, and alleged that he and his minor brother, Robert N. Miers, were the owners of said land, and denied the jurisdiction of the County Court or of the District Court in this proceeding to adjudicate the title to said land or compel the administratrix to place the same upon the inventory of the estate or order the same sold, whereas in this case the administratrix and the children disputed the title of the estate to any part thereof or interest therein.

On this issue of title raised by the administratrix in the County Court, the entire tract of land was ordered to be placed upon the inventory, and later it was ordered to be sold to pay the Betterton debts, which on February 6, 1892, had been approved by the County Court. The District Court modified this order upon hearing the evidence as to the title to the land sold, and ordered that only a one-fourth interest therein be sold as belonging to the estate; and from these orders and final judgment the administratrix and guardian and T. M. Miers appeal to this court, and assign error to the court's judgment in refusing to set aside the approval of the three claims of Betterton, and the order compelling

the administratrix to inventory the eighty acres of land claimed by the mother and children in their own right.

It sufficiently appears from the record that the administratrix refused to place the land upon the inventory of the estate, for the reason that it did not belong to the estate, but was her separate estate, because paid for out of her separate means and principally since the death of her husband. The land was conveyed to her husband, but was not paid for until after his death, as she avers, and then by her out of her separate estate, and by money borrowed by her by giving a mortgage thereon. We think, however, that when she, by her answer to the motion, claimed the title to the property, the County Court had no jurisdiction to compel her to place it upon the inventory. White v. Shepherd, 16 Texas, 163; Bradley v. Love, 60 Texas, 472; Mayo v. Tudor, 74 Texas, 471; Groesbeck v. Groesbeck, 78 Texas, 668. If it belonged to the estate, or the estate owned any interest therein, the creditor might have the question of this right and title determined in the District Court, and upon such determination of the title in his favor there, the County Court could then compel her to·place it upon the inventory, or such interest therein belonging to the estate as was determined by the judgment of the District Court.

But the County Court had no jurisdiction to try or determine the title to land, and upon such defense coming into the motion, it should have dismissed the motion for want of jurisdiction. And the District Court had no more jurisdiction in this appellate proceeding by certiorari to pass upon the title to the land than the County Court had in the first instance. And we are likewise, and for the same reason, without jurisdiction to adjudicate the question of title raised in the pleadings. We can only hold that the order of the County Court of July 19, 1894, compelling the administratrix to place said land upon the inventory of the estate, is void, as well as are the orders of said court of July 2, 1895, and of July 29, 1895, each requiring and directing the sale thereof, and that they be and hereby are set aside and for naught held.

The record further discloses that Thomas M. Miers died in Dallas County, Texas, on August 15, 1887; that his wife, Carrie Miers, was granted letters of administration on his estate by the County Court of said county March 28, 1888; that the three claims complained of in the petition for certiorari were duly approved by the County Court on February 6, 1892, and that the petition for certiorari herein was filed August 30, 1895. It further appears that Thomas M. Miers and Robert N. Miers are the children and heirs at law of Thomas M. Miers, deceased, and that they are parties to this suit, represented by their guardian and next friend, Carrie A. Hopkins; that Robert is a minor, and that Thomas M. was under the disability of minority until such disability was removed by the District Court of Dallas County in December, 1896, when on March 6, 1897, he intervened in this cause in his own right.

The first claim of W. J. Betterton was a note for $154.80, dated May 30, 1897, due four months after date, with interest at 12 per cent per

annum, made by Thomas M. Miers to said Betterton. It was allowed by the administratrix on September 10, 1890, filed in the County Court December 19, 1891, and approved by the court on February 6, 1892, for $154.80, with interest and attorney's fees, and classified as a fourth-class claim. The second was a note for $61 executed by said Miers to said Betterton, dated July 25; 1887, due thirty days after date, with interest at 10 per cent per annum, allowed by the administratrix September 10, 1890, filed December 19, 1891, and approved February 6, 1892, for $61 and interest and 10 per cent attorney's fees, and classified as a fourth-class claim. The third claim was a note for $300, executed by T. M. Miers as principal and W. J. Betterton as surety, dated February 1, 1887, due January 1, 1888, bearing interest at 12 per cent per annum, paid by W. J. Betterton on January 14, 1888, allowed by the administratrix September 10, 1890, filed December 19, 1891, and approved February 6, 1892, for $300 and interest and 10 per cent attorney's fees, and classified as a fourth-class claim. It appears from the record that Carrie Hopkins is a married woman, but it does not appear when she married, or that she was married at the time the above claims were approved by the court.

In the petition for certiorari these three claims were contested, upon the grounds that at the time of approval they were barred by limitations of two years and of four years, and that attorney's fees ought not to have been allowed. This petition was met with a plea of limitation of two years, and these are the questions here presented for our decision.

The learned judge has embodied his reasons for his action on these issues in his judgment, from which we quote as follows: "The court is further of opinion that this court in this proceeding can not review the orders of the County Court rendered February 6, 1892, approving the several claims of W. J. Betterton against said estate. It is considered by the court that the certiorari, as to the orders approving the several claims of W. J. Betterton against the estate of T. M. Miers, deceased, was at the time it was sued out by Mrs. Carrie A. Hopkins barred by the statute of limitation of two years. It is further considered by the court that the intervener T. M. Miers is not entitled by his said intervention to make said certiorari his own writ, so as to avail himself of his exemption on account of his minority from said limitation in this suit; or if so, then it is presumed that said claims were not barred when they were allowed by the County Court"—and the court therefore refused to review said orders. This action is complained of here, and the questions as above stated are presented to us under proper assignments.

Our statute of limitations as applicable to this proceeding is as follows: "Any person interested in the estate of a decedent or ward may have the proceedings of the county court therein revised and corrected at any time within two years after such proceedings were had, and not afterward; provided, that persons non compos mentis, infants, and femes

coverts, shall have two years after the removal of their respective disabilities within which to apply for such revision and correction." Rev. Stats., art. 332.

We are of opinion that Carrie A. Hopkins, both in her individual capacity and as administratrix of the Miers estate, was barred by this statute, because she does not make it appear either by plea or evidence that she was under disability at the time these claims were approved by the County Court. But the minors, Thomas M. and Robert N. Miers, who were joined in said petition and represented by their mother as guardian and next friend, are not barred, as the statute expressly evcepts them from the force of its operation; and if any one of the plaintiffs was entitled to the remedy, the court should have reviewed the orders and the result would have been the same as if all had succeeded. It was therefore the duty of the District Court to open these orders and correct any errors contained therein, and as this cause was tried by the court below without a jury, and there is no matter of fact to be ascertained or damages to be assessed, it is made our duty to render the judgment that should have been rendered by the District Court.

This brings us to the consideration of the facts. We have carefully examined the statement of facts, and have copied therefrom all that is given concerning or relating to the three claims in controversy, and it will be seen that the notes as given in the statement of facts contained no clause allowing attorney's fees under any circumstances. We must therefore disallow attorney's fees on all of them.

The County Court also erred in allowing any amount on the third claim of Mr. Betterton, that is, the claim on the $300 note which he paid as surety for Miers on January 14, 1888, because it was barred by the statute of limitation of two years at the time it was approved by the County Court, February 6, 1892. Limitation began to run against him on March 28, 1888, the day letters of administration were granted on the estate of Miers, and continued to run, it seems, until the claim was approved by the court, which gives three years, ten months, and eight days. Danzey v. Swinney, 7 Texas, 617; Wygal v. Woodlief, 76 Texas, 604. This ruling is in accord with the decisions of our Supreme Court in Faires v. Cockrell, 88 Texas, 428, and in Boyd v. Beville, 44 Southwestern Reporter, 287, as we understand them.

In the case of Boyd v. Beville our Supreme Court construed the pleadings to present a cause of action by the surety based upon the implied promise of the principal to reimburse him for what he had been compelled to pay in discharge of the note set out in the petition, although it was there alleged in the original petition "that said note has been by plaintiff fully discharged by him, and was then by said bank transferred and indorsed to plaintiff." In this case the note is presented by the surety as a claim against the estate of the principal, which he as surety has been compelled to pay, but it does not appear that the same had been *indorsed* or *transferred* to the surety—much less that he had become the

owner thereof by purchase, which probably he might have done—but only that he had paid the same January 14, 1888.

If then the pleadings in the case of Boyd v. Beville only presented a cause of action upon the implied promise of the principal to the surety, we are clear that the claimant in this case has failed to present a cause of action based upon the note as owner, by purchase or otherwise, but one in which he, having alleged his payment of the note, must be held to have asserted only his claim on the implied promise for reimbursement; and this claim was clearly barred by the statute of limitation of two years, which declares that "actions for debt where the indebtedness is not evidenced by a contract in writing," must be commenced within two years after the cause of action shall have accrued. Rev. Stats., art. 3354. Faires v. Cockrell, supra.

As to the other two claims, no attorney's fees should have been allowed upon them, but otherwise they were properly allowed and approved, as they were notes executed by Miers to Betterton, and were not barred until four years after the appointment of the administratrix, and they were approved by the court before the expiration of four years after said appointment.

We therefore render judgment for the principal of the $154.80 claim, with interest thereon at 12 per cent per annum from its date to the date of approval, amounting, principal and interest, to $241.73, and with interest on the latter amount from February 6, 1892, at the rate of 12 per cent per annum until paid, and all costs of probating the claim; and upon the second claim of $61, we give judgment for the principal, with interest from July 25, 1887, to February 6, 1892, $28.47, amounting, principal and interest, to $89.47, and with interest on the latter amount from February 6, 1892, until paid at the rate of 10 per cent per annum, and all costs of probating said claim. The costs of this appeal, as well as all costs in the District Court, will be taxed against W. J. Betterton. The judgment herein is reversed, reformed, and rendered accordingly.

                              *Reversed, reformed, and rendered.*