JOHNSON v. MORGAN. (No. 5669.)

(Court of Civil Appeals of Texas. Austin. Oct. 25, 1916.)

1. JUDGMENT &#8734;243—LIEN—PARTIES.

A judgment is not a lien upon the land of one not a party of record.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 428; Dec. Dig. &#8734;243.]

2. JUDGMENT &#8734;787—LIEN—PRIORITY.

The owner of land, having executed a deed of trust thereon to secure his note, conveyed it, the grantee assuming payment of the note and giving vendor's lien notes in payment of the land. The grantee in turn conveyed the land to a judgment debtor, who assumed payment of the note secured by the deed of trust as well as of the vendor's lien notes. Held, that the original owner and his immediate grantee had liens which have priority over the lien of the judgment creditor upon the equity of redemption acquired by the judgment debtor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1361, 1363–1367; Dec. Dig. &#8734;787.]

Error from District Court, Coryell County; J. H. Arnold, Judge.

Suit by E. J. Morgan against Robert A. Johnson and others. There was a judgment for plaintiff, and the named defendant brings error. Reversed and remanded.

---

&#8734;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

John B. Durrett, of Belton, for plaintiff in error. McClellan & McClellan, of Gatesville, for defendant in error.

RICE, J. This suit was brought by defendant in error against plaintiff in error, Robert A. Johnson, C. A. Parker, E. B. Simmons and J. B. Carden, for the purpose of establishing and foreclosing an alleged judgment lien on 100 acres of land out of the Wells survey in Coryell county, alleging that theretofore, to wit, on the 1st of August, 1910, in cause No. 2947, in the district court of Coryell county, entitled E. J. Morgan v. J. B. Roberts et al., plaintiff recovered a judgment against J. B. Roberts, Clint Roberts, S. M. Scott, Wise & Graves, a firm composed of Mont Wise and Reed Graves, and against the said Mont Wise and Reed Graves individually, for the sum of $509.50, with costs of suit, which judgment was credited with $53.70. It was further alleged that on the 29th day of October, 1910, plaintiff caused an execution to be issued on said judgment, directed to the sheriff or any constable of Coryell county, which was thereafter levied on a certain automobile as the property of the defendant Parker, but this levy was thereafter dismissed by order of plaintiff and the execution returned nulla bona. Also alleging that thereafter, on the 25th day of January, 1912, plaintiff caused an abstract of said judgment to be issued, properly filed, recorded, and indexed in the abstract of judgment record of said county, alleging that by reason thereof said abstract of judgment operated as a lien upon all the real estate of the defendants therein situated in said county, and that thereafter the said Parker acquired title to and became the owner of said above-described tract of land; that said judgment is wholly unpaid, except as indicated by the credit aforesaid; that the said Simmons, Johnson and Carden are each asserting some right, title, interest, and lien in and to said land, the exact nature of which is to plaintiff unknown, but which he alleges is inferior to the lien created by said abstract of judgment. Wherefore he prayed for decree establishing his debt and lien aforesaid, with foreclosure thereof against all of the defendants to this suit, and for order of sale, etc.

The defendants Parker, Simmons and Carden failed to appear and answer, and judgment was rendered by default against them. The plaintiff in error filed a general demurrer, general denial, and specially answered, alleging that if it were true, as alleged by plaintiff (defendant in error), that he had acquired a lien upon said land by reason of his judgment lien, and by reason of Parker's having acquired title thereto, still, he asserted that he, plaintiff in error, and those who claimed under him, had a prior and superior lien to that asserted by defendant in error because before Parker acquired any interest in the land plaintiff in error was the owner in fee simple thereof, and while so owning same he executed a deed of trust thereon to secure the Grand Lodge of Texas in the payment of his promissory note for the sum of $1,500; that he subsequently sold and conveyed the land to Carden, his codefendant, and as part of the consideration therefor, Carden assumed the payment of said note, and he likewise executed and delivered to plaintiff in error his promissory notes for the aggregate sum of $1,150, and to secure the same a vendor's lien was expressly retained in his deed to Carden; that after such sale and conveyance, plaintiff in error assigned and transferred said vendor's lien notes so executed and delivered by Carden to J. H. Reese, and that subsequent thereto Carden sold and conveyed his equity in said property to C. A. Parker, defendant herein, and Parker, as a part of the consideration therefor, assumed the payment of said note and lien to said Grand Lodge, as well as the other vendor's lien notes executed and delivered by him to plaintiff in error; that the said Parker had full notice of said liens and incumbrances, and that if defendant in error acquired a judgment lien against the interest of Parker in said property, as claimed in his petition, such lien was subject and inferior to the other liens above described which have never been paid off or satisfied, and are still outstanding and valid incumbrances against the land. Wherefore plaintiff in error prayed that if defendant in error recovered a judgment in this case against the defendant Parker and his vendees for a foreclosure of his judgment lien upon said property, then that this plaintiff in error have judgment establishing and decreeing that the liens and incumbrances above described are superior to the lien of defendant in error, and that said land be sold subject to the aforesaid liens, etc.

[1, 2] The case being tried before the court without a jury, judgment was rendered that said answer was a disclaimer of any right, title, or interest of plaintiff in error in the subject-matter of the suit, and constituted no defense, offset, or counterclaim to the debt sought to be established, or to the foreclosure of the lien prayed for, and that he go hence and recover his costs. Judgment was likewise entered in favor of defendant in error, establishing his debt and judgment lien as against Parker, and decreeing that the same was superior to any right, title, or interest that Simmons, Johnson, or Carden might have in said land, and decreeing foreclosure of said lien against all of the defendants in this suit, from which judgment this writ of error is sued out by plaintiff in error, who claims that the court erred in holding that defendant in error had a valid and subsisting judgment lien on said land, superior to any right, title, or interest of plaintiff in error therein, and in decreeing foreclosure thereof in favor of defendant in er-

ror, for the reason that no fact was stated in defendant in error's petition, showing that Parker was a party defendant in the original suit in cause No. 2947 in the district court of Coryell county. We believe this contention is correct: First, because the defendant in error's petition fails to show that C. A. Parker was one of the defendants in the original judgment recovered in cause No. 2947 in the district court of ' Coryell county, without which no judgment could have been rendered against him. In order to establish the lien against him, it must necessarily appear, of course, that Parker was a party defendant to said suit.' And, second, because even if this had been shown, we think it sufficiently appears from plaintiff in error's answer that he had an interest in the land which was superior to that of Parker, for which reasons the court erred in holding that the same constituted a disclaimer on his part.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.