HOUSTON HARBOR SALES CO. et al. v. LEVAND. (No. 7619.)

(Court of Civil Appeals of Texas. Galveston. Nov. 7, 1918.)

1. COURTS ⟨⟩121(3) — COUNTY COURT — AMOUNT IN CONTROVERSY.

In a suit to foreclose a chattel mortgage in county court, the amount in controversy is the alleged value of the property.

2. APPEAL AND ERROR ⟨⟩1166—REVERSAL OR DISMISSAL — FAILURE TO SHOW JURISDICTION.

Where neither pleadings nor evidence in a chattel mortgage foreclosure in a county court showed the value of the property, an appeal will be reversed, with instructions to amend, and will not be dismissed, on the ground that no jurisdiction is shown.

Appeal from Harris County Court; Roy F. Campbell, Special Judge.

Suit by M. Levand against the Houston Harbor Sales Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

GRAVES, J. This suit was originally filed in the county court of Harris county to collect an alleged debt of $125, and to foreclose a chattel mortgage upon a secondhand automobile securing it. After considering the pleadings alone, no evidence having been offered, the court rendered judgment in appellee's favor against both appellants for the amount sued for, together with foreclosure upon the automobile, from which the Sales Company and Adkins appeal.

[1, 2] There was no allegation in the pleadings of any of the parties as to the value of the automobile, nor, as stated, any evidence upon that or any other matter introduced.

In these circumstances, appellants have filed a motion in this court asking that the judgment be reversed and the cause ordered dismissed, on the ground that the county court had no original, nor has this court any appellate, jurisdiction over the cause. Having taken the motion with the case and examined the entire record presented, it is found that the facts as to the allegations of the petition and the absence of any evidence as to the value of the automobile were as stated. Since, in a suit to foreclose a chattel mortgage, the amount in controversy is the alleged value of the property (Stricklin v. Arrington et al., 141 S. W. 189 [2]), it does not affirmatively appear here that the county court had jurisdiction to render the judgment, which condition necessitates a reversal; but as there is mere silence as to the value of the automobile, and no showing otherwise that the court below would not have had jurisdiction, if its value had been alleged, we think the proper practice is to reverse the judgment and remand the cause, to afford opportunity for amendment of the pleadings in that respect. Bates v. Hill, 144 S. W. 288; Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618; Hamilton v. Hannus, 185 S. W. 938. It is accordingly ordered that the judgment be reversed, and the cause remanded, with instructions to the trial court to dismiss the case, unless by proper amendment of his petition in respect to the value of the automobile, the appellee brings the case within the jurisdiction of that court.

Reversed and remanded, with instructions.