### CAMPBELL v. HORTON. (No. 2917.)

(Court of Civil Appeals of Texas. May 15, 1924.)

Appeal and error ⊚➡20, 911(3)—Appellate court held without jurisdiction; presumption of jurisdiction of county court unwarranted.

Jurisdiction of Court of Appeals depends on jurisdiction of court from which appeal is taken, and on appeal from county court jurisdiction of that court must affirmatively appear, there being no presumption of jurisdiction as in case of courts of general jurisdiction, as the county court has no general jurisdiction except as to probate matters.

Appeal from Hunt County Court.

On motion of appellee for rehearing.
For former opinion, see 261 S. W. 833. Opinion modified.

WILLSON, C. J. It is urged that the county court of Hunt county was a court of general jurisdiction, and therefore that this court should indulge a presumption that that court—the contrary not appearing in the record—had power to hear and determine appellee's suit. But county courts in this state are not courts of general jurisdiction, except as to probate matters (section 16, art. 5, of the Constitution; Tant v. Piano Co. [Tex. Civ. App.] 217 S. W. 239), and therefore the rule invoked by appellee' applicable to courts having general jurisdiction does not apply to county courts. This court has no right to indulge a presumption like the one suggested. It has no jurisdiction of the appeal unless the court from which it was prosecuted had jurisdiction of the cause,

and the jurisdiction of that court must affirmatively appear in the record. Ware v. Clark, 58 Tex. Civ. App. 356, 125 S. W. 618; Stricklin v. Arrington (Tex. Civ. App.) 141 S. W. 189; Davis v. Hagan (Tex. Civ. App.) 255 S. W. 484; Reeves v. Faris (Tex. Civ. App.) 186 S. W. 772; McKee v. Le Fors (Tex. Civ. App.) 253 S. W. 598.

The motion will be overruled; but the instruction to the court below, instead of being as stated in the opinion, will be to dismiss the suit unless it is made to appear that it has jurisdiction of same. In changing the instruction we do not wish to be understood as intimating that we think appellee stated a cause of action in his petition. A question as to whether he did or not has not been presented here.