## McINTYRE v. OLIVER MOTOR CO.
### (No. 794.)

Court of Civil Appeals of Texas. Waco.
Oct. 3, 1929.

Rennolds & Rennolds, of Mexia, for appellant.

W. W. Mason, of Mexia, for appellee.

BARCUS, J. Frank Oliver, doing business under the name of Oliver Motor Company, appellee, brought this suit against appellant to recover $393.75 claimed to be due on notes executed by appellant, and pleaded and asked for the foreclosure of a mortgage lien on an automobile, 50 cords of wood, and 25 acres of cotton. He did not allege the value of any of the mortgaged property. Appellee had a writ of attachment issued and levied upon one bale of gathered cotton and on 25 acres of ungathered cotton in the field. Appellant's motion to quash the writ of attachment was overruled, and he excepted. Appellant alleged that the attachment levied on the cotton being grown upon his homestead was wrongful and illegal, because same was exempt from attachment levy, and by way of cross-action asked for damages occasioned by reason of said unlawful and illegal attachment.

The cause was tried to the court, and resulted in judgment being rendered for appellee for the amount of his debt, together with a foreclosure of his mortgage lien, as well as the attachment lien, and against appellant on his cross-action.

▮ Appellant assigns error to the action of the trial court in overruling his general demurrer, his contention being that the petition did not allege any cause of action within the jurisdiction of the county court, because the value of the mortgaged property on

which he attempted to establish his lien was not alleged. We sustain this assignment. Appellant's petition simply alleged that he had a mortgage on an automobile, 50 cords of wood, and 25 acres of cotton, without alleging the value of said property. It is the well-established law of this state that, in courts of limited jurisdiction, such as the county court, the value of the property on which a mortgage is sought to be foreclosed determines the jurisdiction of said court, and a petition which fails to allege the value of the mortgaged property is subject to a general demurrer. People's Ice Co. v. Phariss (Tex. Civ. App.) 203 S. W. 66, and authorities there cited. Appellant's contention in this connection, that the cause should be reversed and dismissed, is without merit, since appellee can, if the facts justify, amend his pleadings and show the value of the mortgaged property to be within the jurisdiction of the county court.

Appellant assigns error to the action of the trial court in foreclosing the attachment lien on the crops growing upon his homestead. We sustain this assignment. At the time appellee instituted suit, he had issued an attachment, which was levied upon the ungathered cotton of appellant. Appellee's answer alleges, and the testimony shows, that the ungathered cotton was on appellant's homestead. The law is well settled that ungathered crops growing on a homestead are not subject to an attachment. Stephens v. Cox (Tex. Civ. App.) 255 S. W. 241; Pate v. Vardeman (Tex. Civ. App.) 141 S. W. 317.

The opinions heretofore written in this cause are withdrawn and this opinion is substituted in lieu thereof. The judgment of the trial court is reversed and remanded, and appellant's motion for rehearing is in all things overruled.