## OAKWOOD STATE BANK OF OAKWOOD v. DURHAM et al. (No. 836.)

Court of Civil Appeals of Texas. Waco.
Oct. 24, 1929.

P. O. French and R. L. Williford, both of Fairfield, for appellant.

Levi Herring, of Fairfield, for appellees.

STANFORD, J. This suit was filed by appellant against appellees as the heirs at law of Belton Durham, deceased, for the foreclosure of an alleged judgment lien upon certain lands in Freestone county, Tex. Appellant alleged in its petition, in substance, that about April 7, 1914, it recovered a judgment in the county court of Leon county against Belton Durham and others, jointly and severally, for $386; that execution had been duly issued on said judgment to both Leon and Freestone counties and returned nulla bona; that said judgment had been duly abstracted and recorded in Freestone county, Tex.; that no part of said judgment had ever been paid, and that said judgment was, and is still, a valid and subsisting lien upon all property, lands, and tenements belonging to the estate of Belton Durham, deceased, and who was at the time of the institution of this suit, deceased; that, at the time of the death of Belton Durham, he was possessed of a tract of land in Freestone county, Tex., consisting of about 106½ acres, and that appellant's judgment lien attached to and became fixed against said land prior to the death of said Belton Durham; that appellees are all and the only heirs at law of the said Belton Durham, deceased, and as such acquired by inheritance all the property of which said decedent died seized and possessed, subject, however, to appellant's judgment lien and the debt secured thereby. Appellant also sued T. S. Watson, J. B. Daniels, and O. M. Wroe, alleging that they were claiming some interest in said land under a purported mineral deed executed by some of the heirs of said Belton Durham, deceased. As against said heirs, appellant prayed judgment for its debt, and, as against all defendants, for foreclosure of its judgment lien against the tract of land described.

The heirs of Belton Durham answered by general demurrer, special exception, general denial; that said land was the homestead of Belton Durham; that no judgment lien ever attached, etc., and that said judgment was barred by limitation; that the district court had no jurisdiction, and that the county court sitting as a probate court had exclusive jurisdiction to administer the estate of Belton Durham, deceased. W. C. Gorman intervened, pleading a judgment against Belton Durham, deceased, the abstracting of same, and claiming a judgment lien on said land, upon practically the same facts as alleged by appellant. In a supplemental petition, appellant pleaded that there were no other debts against the estate of Belton Durham, deceased, except its own, and W. C. Gorman's, and that there was no administration upon said estate and no necessity for any, etc.

The case was tried before the court without a jury, and judgment of dismissal entered without prejudice to the rights of plaintiff and intervener to proceed in the probate court to collect their said claims. From said judgment appellant, Oakwood State Bank, has duly appealed and presents the record for review.

■■ The trial court filed findings of fact and conclusions of law. There is also a statement of facts with the record. Appellant, under its first and second assignments, contends, in effect, that the court erred in holding that appellant's judgment and the abstracting and filing of said abstract in Freestone county did not create a lien against the 106½ acres of land involved. The court found, and the record shows, and the parties agreed on the trial, that the land involved was acquired during the marriage relation of Belton Durham and his first wife, Manda Durham, and that it was community property of said marriage, and that said land was occupied by Belton Durham and wife, Manda Durham, as their homestead until 1905, when Manda Durham died, leaving eight children as the issue of said marriage; that Belton Durham, together with his said children, continued to occupy said land as their homestead until 1916, when Belton Durham married a second wife; that Belton Durham and his second wife occupied said land as their homestead until the death of the second wife in 1924; and that the said Belton Durham thereafter continued to live upon said land with a married granddaughter until his death in June, 1927; that the appellees in this suit, except the three claiming a mineral deed, mentioned above, are the heirs of Belton Durham and his first wife, Manda Durham; that appellant's judgment against Belton Durham was rendered April 7, 1914; that executions were issued to both Leon county and Freestone county, on April 29, 1914, to Leon county, and on May 29, 1914, to Freestone county, and both executions were returned "nulla bona," and that no other execution was shown to have been issued on said judgment; that on March 27, 1919, appellant caused an abstract of said judgment to be prepared and duly filed and recorded in the abstract records of Freestone county. Under the uncontroverted facts stated above, there can be no question but that the prem-

588

ises in question constituted the homestead of the said Belton Durham continuously from the death of his first wife in 1905 to the time of his death in June, 1927. This would have been true even if he had not married the second wife, and had not had any one living on the land with him. Where the marital relation is severed by death, the exemption of the family homestead continues in the survivor for life, or so long as such survivor elects to occupy same. Constitution, art. 16, §§ 50 and 52; L. Blum et al. v. Gaines et al., 57 Tex. 119; Hoefling v. Hoefling, 106 Tex. 350, 167 S. W. 210; Kessler v. Drabb, 52 Tex. 575, 36 Am. Rep. 727; Schneider v. Bray, 59 Tex. 670; Watkins v. Davis, 61 Tex. 416.

■ As above stated, appellant's judgment was obtained April 7, 1914. The last execution on same was issued May 29, 1914, and was returned "nulla bona." On March 27, 1919, an abstract of said judgment was made and placed of record in Freestone county. Belton Durham was living on the property in question with his family as a homestead at the time the judgment was obtained at the time the executions were issued, and at the time of the filing and recording of the abstract of judgment, and thereafter continued to live on said property, using same as his homestead, until his death in June, 1927. Appellant, as we understand, does not controvert these facts, but does contend that, notwithstanding the homestead right in said parties, the recording of said abstract fixed a lien against said property, although such lien could not be foreclosed while the property continued to be homestead, but could be foreclosed as soon as the property ceased to be homestead, which it did on the death of the second wife in 1924, or, at least, on the death of Belton Durham in June, 1927. There are several reasons why these contentions cannot be sustained. The property being homestead at the time the abstract of judgment was filed March 27, 1919, the filing thereof created no lien whatever. The rule of law seems to be well settled in this state that the levy of an execution or attachment upon a homestead is absolutely void, and the fact that the property afterwards ceases to be exempt does not give life and validity to such levy. It is also true that any contract lien on the homestead is void, unless within one of the constitutional exceptions, and a subsequent abandonment of the homestead will not give validity to such a contract. But where an abstract of judgment is duly recorded and indexed, while it creates no lien against the homestead of the judgment debtor, yet, if such property ceases to be homestead, while it still belongs to the judgment debtor, the judgment lien will attach as of the date the property ceased to be homestead. Marks v. Bell, 10 Tex. Civ. App. 587, 31 S. W. 699, writ refused; Bradley v. Janssen (Tex. Civ. App.) 93 S. W. 506, writ refused; Savage v. Cowan et al. (Tex. Civ.

App.) 113 S. W. 319; Harrison v. First Nat. Bank (Tex. Civ. App.) 224 S. W. 269, 276.

■■ In this case, if Belton Durham had, before his death, abandoned the property in question as his homestead, but continued to own same, then the judgment lien would have attached to his interest in same as of the date of such abandonment, provided said judgment continued in force and not barred by limitation; and, if the judgment lien had attached to Belton Durham's interest in said property during his lifetime, on his death intestate, said interest would have descended to his heirs incumbered with said judgment lien. But, at the time the abstract of judgment was filed and recorded, March 27, 1919, the property was the homestead of Belton Durham and family and was never abandoned, but continued to be such homestead of Belton Durham until his death, and instantly upon his death intestate the title vested in his heirs. The judgment lien claimed by appellant and also by the intervener, Gorman, never having attached as against Belton Durham, upon his death it could not attach as against his heirs. The judgment lien against the real estate, not exempt, of a judgment debtor, arises only by a strict compliance with the provisions of our statutes, and such lien, when the statute is complied with, can attach only against the lands owned by the judgment debtor, and not, in the first instance, against lands owned by parties who are not parties to the judgment. Articles 5447, 5448, and 5449, Revised Statutes; Johnson v. Morgan (Tex. Civ. App.) 189 S. W. 324.

■■ As the land involved was the community property of Belton Durham and his first wife, Manda Durham, and was their homestead, on the death of Manda Durham, title to her half interest in said property at once vested in the children of said marriage, subject only to the right of occupancy as homestead by the surviving husband. On the death of the father, Belton Durham, while occupying said property as homestead, the title to his half interest, together with the right of occupancy, at once vested in said heirs. The interest of the wife, Manda, having vested in her heirs at the time of her death in 1905, could in no event be made liable for appellant's debt created long thereafter.

■■ There is another reason why we think no judgment lien in favor of appellants against the land in question ever attached against any one. Appellees plead that appellant's judgment was barred by the ten-year statute of limitation before the death of Belton Durham. The record shows that the last execution that was issued on said judgment was issued May 29, 1914, and returned "nulla bona." The judgment became barred by limitation ten years after the issuance of said last execution of date May 29, 1914. Dupree et al. v. Gale Mfg. Co., 107 Tex. 649,

184 S. W. 184. So said judgment became barred May 29, 1924, without any judgment lien against said land ever having attached as to any one. But, if by reason of the recording of the abstract of judgment March 27, 1919, a lien had attached as against Belton Durham, as said judgment, as pleaded by appellees, became barred by limitation on May 29, 1924, and of no further force or effect, the judgment lien, if any, on said date necessarily ceased to be of any validity. That a judgment lien ceased to exist on the judgment becoming dormant is not an open question in this state. Wylie v. Posey, 71 Tex. 34, 9 S. W. 87; Adams et al. v. Crosby et al., 84 Tex. 99, 19 S. W. 355, and cases there cited. This being true, for stronger reasons a judgment lien ceases to exist on the judgment becoming barred. The lien is only an incident of the debt, and, if the debt becomes barred, the lien necessarily ceases to exist.

Under propositions 5 to 9, inclusive, appellant contends the trial court erred in dismissing this cause. The majority of the court are of the opinion the trial court had no jurisdiction and correctly dismissed this cause, for the following reason: The court found that Belton Durham was dead, that four years had not elapsed since his death, and that there had never been any administration upon his estate. These facts were not controverted. The court did not find that there was no necessity for such administration. The evidence fails to show with such certainty that reasonable minds could not differ on the question, that such necessity did not exist. The trial court found that such court was without jurisdiction to determine whether appellant and intervener had a cause of action on the debts asserted by them, respectively, and dismissed their suit without prejudice to their right to proceed in the probate court to collect their respective claims. This general finding includes by implication a finding that the evidence failed to show that no administration on said estate was necessary. Hines v. Kansas City Life Ins. Co. (Tex. Civ. App.) 260 S. W. 688, 690, par. 2.

Our Supreme Court, in Zwernerman v. Rosenberg (Tex. Sup.) 11 S. W. 150, said: "Our statutes, in case of the death of a person without leaving a will, cast the title of his property directly upon his heirs, subject, however, to administration for the payment of his debts. They provide that the remedy of creditors for the collection of their claims shall be by an administration in the county court. * * * If, however, there be but one creditor, the courts have allowed an exception, and have permitted him to sue the heirs, and to enforce his claim to the extent of the assets, subject to his debt, which have come into their hands. There is reason for the exception. No one being interested in the estate but the one creditor and the heirs, the rights of the parties may be adjusted in a direct suit, and there is no necessity for administration. In this case the plaintiff sought to bring himself within the exception, and alleged that he was the only creditor. This he failed to prove. * * * The allegation that the plaintiff was the sole creditor was necessary to enable him to maintain his suit. It was put in issue by the general denial, and when he failed to establish it his suit should have been dismissed." See, also, in this connection, Green v. Rugely, 23 Tex. 539, 543, 544; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002, 1006, 1007, pars. 4 and 5.

The majority of the court, in view of the foregoing, are of the opinion that the judgment of dismissal entered by the trial court should be affirmed. The writer thinks the evidence and the finding of the court were ample to confer jurisdiction upon the district court upon the ground that all the heirs of the deceased were parties to this suit, and that there were no other debts against said estate, and that there was no administration upon said estate and no necessity for any.

But, if this were not true, as the pleadings in the case raised, not only the issue as to whether or not appellant and intervener had any judgment lien on the land, but also as to whether said judgment lien, if any, was superior to T. S. Watson's rights under his mineral deed, and, if not, then the right of defendant Watson to have said judgment liens removed as a cloud upon his title to said mineral rights, none of these issues could have been determined by the probate court, Stewart et al. v. Webb et al. (Tex. Civ. App.) 156 S. W. 537; Lauraine v. Ashe et al., 109 Tex. 69, 191 S. W. 563; Willis v. Graf (Tex. Civ. App.) 257 S. W. 664, writ dismissed; Slavin et al. v. Greever et al. (Tex. Civ. App.) 209 S. W. 479; Fryckberg v. Scott (Tex. Civ. App.) 218 S. W. 21, writ refused; and, said questions here involved being questions not determinable by the probate court, the same could not be determined by the district court under its appellate jurisdiction, Wadsworth v. Chick, 55 Tex. 241; Miers v. Betterton et al., 18 Tex. Civ. App. 430, 45 S. W. 430; Goodman v. Schwind et al. (Tex. Civ. App.) 186 S. W. 282. I think the district court had jurisdiction, and, having found that neither appellant, the Oakwood State Bank, nor intervener, W, C. Gorman, had any judgment lien on said land, the court should have rendered judgment denying appellants any recovery on the cause of action alleged by them, and that said appellant and intervener take nothing as against any of the other parties to this suit.

However, as the majority of the court do not agree to such disposition of propositions 5 to 9, the judgment of the trial court dismissing this cause will be, and the same is hereby, affirmed.