Garland HILLEY, Appellant,

v.

Pearl HILLEY, Appellee.

No. 3485.

Court of Civil Appeals of Texas.

Waco.

July 25, 1957.

Rehearing Denied Sept. 19, 1957.

Beard, Kultgen & Beard, Waco, for appellant.

Dunnam, Dunnam & Dunnam, Waco, for appellee.

HALE, Justice.

Appellant is the son and appellee is the widow of W. E. Hilley, who died on November 17, 1956. Appellant brought this action in the District Court of McLennan County, alleging that appellee was the administratrix of the estate of the deceased; that she was claiming certain property as her separate estate which was in fact community property; that such property had not been included in the inventory which appellee had caused to be filed in the Probate Court; that appellant was the sole heir of the deceased; and that he did not know the amount of the community property claimed by appellee to be her separate property. He prayed that the court require appellee to return an inventory of the property she claimed as her separate estate, and that the court enter a declaratory judgment decreeing such property to be community property. Appellee answered with special exceptions and a motion to dismiss the suit on the grounds that the Probate Court, rather than the District Court, had exclusive jurisdiction to grant the relief sought by appellant, and that the District Court had no jurisdiction to order appellee to return an inventory of the property which she claimed. Upon hearing of appellee's special exceptions and motion to dismiss, the court sustained the same and dismissed the suit.

The controlling question before us is whether the District Court erred in holding that it had no jurisdiction to entertain a suit for declaratory judgment with respect to whether certain property claimed by appellee to be separate property was in fact the community property of herself and her deceased husband. If so, the judgment should be reversed; but if not, it should be affirmed.

Art. 2524–1 of Vernon's Tex.Civ.Stats., commonly known as the Uniform Declaratory Judgments Act, provides in part as follows:

"Section 1. Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *

"Sec. 4. Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto: * * *

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings. * * *

"Sec. 5. The enumeration in Sections 2, 3, and 4 does not limit or restrict the exercise of the general powers conferred in Section 1, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

It appears to us that the foregoing provisions of the Uniform Declaratory Judgments Act are undoubtedly broad enough to confer jurisdiction upon the court below to grant appellant the relief sought by him in this proceeding. As we understand the brief of appellee, it is her contention that Sections 257, 258, 259 and 260 of the Texas Probate Code, V.A.T.S. vest exclusive jurisdiction in the Probate Court to grant the relief sought by appel-

lant. We cannot agree with this contention.

The purpose of this suit was to adjudicate, finally, the issue between the parties as to whether certain property claimed to be the separate property of appellee was such in fact, or whether it was the community property of appellee and her deceased husband. If such property was the separate property of appellee, then appellant would have no right, title or interest in or to the same. But if such property was the community estate of appellee and her deceased husband, then appellant would have a vested right in and to such property, the extent of his right, title and interest thereto being dependent upon whether the same was real or personal property. This record does not show by pleadings or otherwise, the nature or kind of such property, as to whether it is real, personal or mixed, and appellee did not interpose any special exception to the petition of appellant on the ground that it had failed to allege whether such property was real or personal or as to the value thereof for jurisdictional purposes.

In the early case of Wadsworth v. Chick, 55 Tex. 241, the Supreme Court of this State held that the Probate Court had no jurisdiction over contests for the estate of a decedent between the administrator and one claiming it by virtue of a gift *causa mortis.* See also Wise v. O'Malley, 60 Tex. 588; Edwards' Heirs v. Mounts, 61 Tex. 398; Miers v. Betterson, 18 Tex.Civ.App. 430, 45 S.W. 430; Hamm v. Hutchins, 19 Tex.Civ.App. 209, 46 S.W. 873; Griffin v. Harris, 39 Tex.Civ.App. 586, 88 S.W. 493, 495; United States Fidelity & Guaranty Co. v. Hall, Tex.Civ.App., 173 S.W. 892.

But, regardless of whether the Probate Court did or did not have original jurisdiction to grant the relief sought by appellant, we think the remedy afforded to appellant under the Uniform Declaratory Judgments Act was cumulative of the remedy, if any, afforded to him under the provisions of Secs. 257, 258, 259 and 260 of the Texas Probate Code. Cobb v. Herrington, 144 Tex. 360, 190 S.W.2d 709, 172 A. L.R. 837; Mason & Mason v. Brown, Tex. Civ.App., 182 S.W.2d 729. If that be true, then it follows that both the Probate Court and the District Court have concurrent jurisdiction to declare the rights of the parties to the proceeding with reference to the title to the property alleged to be claimed by appellee as her separate property. However, the remedy afforded by the Uniform Declaratory Judgments Act would be more expeditious and complete than that afforded by the Texas Probate Code, because the former would authorize the rendition of a final judgment that would definitely declare the rights of the parties in relation to what appears to be the only controverted issue between them.

■■ As a general rule, the question of jurisdiction is to be determined by the facts alleged in the petition of the parties seeking to invoke it. In this case appellant did not allege whether the "certain property" which appellee was claiming as her separate property was real or personal, or the value thereof. However, appellee failed to call such defect, if any, to the attention of the trial court or to appellant by special exception, or any other written plea, and under the provisions of Rule 90, Texas Rules of Civil Procedure, she should have done so in order to afford appellant an opportunity to amend his pleadings, if she wished to rely upon such defect, if any, as a ground for the want of jurisdiction in the court below. Litterst v. Edmonds, Tex.Civ.App., 176 S.W.2d 342; Houston Harbor Sales Co. v. Levand, Tex.Civ. App., 206 S.W. 379; Campbell v. Horton, Tex.Civ.App., 263 S.W. 630; McIntyre v. Oliver Motor Co., Tex.Civ.App., 20 S.W. 2d 241; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50.

Because we have concluded that the trial court erred in dismissing appellant's suit for want of jurisdiction, the judgment appealed from is reversed and the cause is remanded to the court below for further proceedings not inconsistent with the views herein expressed.