**FILED**

**Jan. 19, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

BENNY SMITH, ET UX, GERALDINE )
SMITH, )
                     )
       Petitioners/Appellees, )
                     )      Overton Chancery
                     )      No.  02-192
VS. )
                     )      Appeal No.
                     )      01-A-01-9508-CH-00354
BOBBIE JO SMITH (McCLINTOCK), )
                     )
       Respondent/Appellant. )


IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF OVERTON COUNTY

AT LIVINGSTON, TENNESSEE


HONORABLE VERNON NEAL, CHANCELLOR



BRIEFS ON BEHALF OF THE APPELLEES
WERE NOT FILED.


Michael J. Love
ZELLAR, CARTWRIGHT & LOVE
139 South Third Street
Clarksville, Tennessee  37040
ATTORNEY FOR RESPONDENT/APPELLANT


REVERSED, VACATED, DISMISSED AND REMANDED

                                 HENRY F. TODD
                                 PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
SAMUEL L. LEWIS, JUDGE
BEN H. CANTRELL, JUDGE

BENNY SMITH, ET UX, GERALDINE )
SMITH, )
                                    )
     Petitioners/Appellees,           )
                                    )     Overton Chancery
                                    )     No. 02-192R
VS.                                 )
                                    )     Appeal No.
                                    )     01-A-01-9508-CH-00354
BOBBIE JO SMITH (McCLINTOCK),    )
                                    )
     Respondent/Appellant.       )

O P I N I O N

The captioned respondent has appealed from an order entered by the Trial Court regulating visitation of the two children of respondent with the captioned petitioners, parents of respondent's deceased husband. Respondent-mother has remarried, and her husband, David McClintock, has adopted the children. However, he is not a party to this proceeding.

The respondent-appellant filed a brief in this Court requesting oral argument. The petitioners-appellees filed no brief within the permissible time for doing so.

On December 14, 1995, the following order was entered and served on all parties:

> On November 28, 1995, this court ordered the appellees to show cause within ten days why this appeal should not be submitted for a decision on the record and appellant's brief pursuant to Tenn. R. App. P. 29(c). The appellees have failed to respond.
>
> It is, therefore, ordered that this appeal be submitted for a decision on the record and appellant's brief pursuant to Tenn. R. App. P. 29(c).

By failure to object to said order, the respondent-appellant is presumed to have waived her request for oral argument.

On January 8, 1992, petitioners filed a "Petition for Visitation" pursuant to T.C.A. §36-6-301. On April 24, 1992, an "Agreed Order of Visitation" was entered, allowing visitation as set out therein.

On March 25, 1994, respondent filed a "Motion to Modify Visitation" asserting that the petitioner, Geraldine Smith, had assaulted respondent and improperly disciplined the children.

On September 14, 1994, petitioners filed against respondent a petition for contempt for refusing to allow petitioners to visit.

On November 29, 1994, respondent filed a "Motion for Continuance and Consolidation," stating the following:

> 2. As grounds for the Motion to Consolidate, Respondent would show to this Court that each of the actions involve the following common, actual and legal issues:
>     a. The visitation of the two minor children namely, Cara Beth McClintock and Charlie Renea McClintock, date of birth May 30, 1990.
>     b. The manner that the Petitioners have conducted such visitation in the past.
>     c. The need to modify visitation by the Petitioners.
>     d. That the Petitioners have not exercised visitation as it was set out in this Court's original order entered upon agreement of the parties on the 20th day of April, 1992.
>     e. That the legal basis of the Agreed Order for visitation of the minor children by the grandparents of the deceased father violates the constitutional rights to privacy in parenting decisions, under Article I, Section 8 of the Tennessee Constitution.

On December 2, 1994, the Trial Court entered the following order:

> Agreed Order for Christmas Visitation
>
> Comes now the parties and would agree as follows with regard to plaintiff's motion for holiday visitation:
>
> 1. The plaintiffs will have visitation with the children in Montgomery County from 10:00 a.m. until 4:00 p.m. on December 23rd, 1994 and from 8:00 a.m. until 2:00 p.m. on December 24th, 1994;

2. Plaintiff, Benny Smith, will meet the defendant at the McDonald's located on Highway 41A (next to Super WalMart) in Clarksville for the pick up and delivery of the children, and plaintiff, Geraldine Smith, will not be present for same;

3. Plaintiffs' notice for temporary holiday visitation will be dismissed, and plaintiffs' petition for contempt and defendant's motion to modify visitation are presently set for trial on January 17th, 1995; . . . .

On February 28, 1995, the Trial Court entered the following order:

This cause came on to be heard on the 17th day of January 1995, before the Honorable Vernon Neal, Chancellor, upon the testimony of the parties and witnesses, argument of counsels and the entire record herein; from all of which the court finds that David and Bobbie Jo McClintock, who are respectively the adoptive and natural parents of the minor children, Cara Beth McClintock and Charlie Renea McClintock, date of birth May 30, 1990, are loving and proper parents, however, the court finds it is in the best interest of the minor children to have a relationship with their paternal grandparents, Benny and Geraldine Smith, and, therefore, this court's Order of April 20, 1992, which grants certain visitation rights to the paternal grandparents shall be maintained albeit modified. Therefore, the respondent's Motion to Modify Visitation is granted and costs shall be shared equally by the parties. The petition for contempt filed by the grandparents is dismissed with costs assessed to the petitioners, Benny and Geraldine Smith.

It Is, Therefore, Further Ordered and Adjudged as Follows:

1. That weather and health of the children permitting, the grandparents shall have visitation with the minor children once a month of the fourth weekend of each month beginning January 27, 1995. Said period of visitation shall be from Friday at 5:00 p.m. to Sunday at 5:00 p.m. The parties shall make alternative arrangements for visitation should inclement weather or illness of the children prevent visitation with the children on a given weekend. Only Benny Smith shall be present for the pick-up or drop-off of the children and the transfer shall be made in a public place as agreed to by the parties.

2. That upon Mr. McClintock's career related transfer out of state, all grandparent visitation with the children shall be in the vicinity of the McClintock's new residence with the same hours and days per month. The grandparents may visit with the children in a hotel, motel or by other arrangements in the vicinity of the McClintock's new residence, but the grandparents shall not be so restricted in visitation if the transfer of Mr. McClintock is within THREE (3) hours driving time of the Smith's residence. If the McClintocks move in excess of the hours of driving time herefore set out, the Smiths

shall be able to see the children when the McClintocks visit in the Overton County area.

3. That the respondent shall keep the petitioners informed of their permanent address and telephone number, however, there shall be no more unnecessary phone calls to the respondent by the petitioners.

4. That the grandparents shall not discipline the children by means of corporal punishment.

5. That the grandparents shall make no derogatory remarks about the parents in the presence of the children.

6. The children shall be properly restrained either by a seat belt or car seat as required by law when transported by the grandparents.

7. That the April 20, 1992, Order of the Court shall be maintained in all other aspects not herein modified.

On appeal from the last quoted order, the respondent presents the following issue for review:

That the Chancery Court's order requiring the parents of the minor children to submit to paternal grandparent visitation violates the parents' rights under Article 1, Section 8 of the Tennessee Constitution and the Fourteenth Amendment of the United States Constitution.

On the date of the entry of the judgment under review the pertinent statute was T.C.A. § 36-6-301, subsection (a) of which read as follows:

**Grandparents' visitation rights. -** (a) The natural or legal grandparents of an unmarried minor child may be granted reasonable visitation rights to the child during such child's minority by a court of competent jurisdiction upon a finding that such visitation rights would be in the best interests of the minor child. The provisions of this subsection shall not apply in the case of any child who has been adopted by any person other than a relative of the child or a stepparent of the child.

The quoted statute was re-designated § 36-6-302 by 1995 Public Acts Chapter 428, effective June 12, 1995.

*Simmons v. Simmons,* Tenn. 1995, 900 S.W.2d 682, involved visitation with a five year old child by its paternal grandparents under the following circumstances:

The natural father abandoned the child's mother, the appellant, prior to the child's birth on February 28, 1990. Soon after the child's birth, the trial court awarded the mother a divorce and custody of the child. The father's right to visitation was conditioned upon his having one of his parents, the respondents in this case, transport the child between the mother and the father. Subsequently, upon respondents' petition, they were granted visitation privileges pursuant to Tenn.Code Ann. § 36-6-301 (1991), and, in the same proceeding, upon the appellant's petition, the court terminated the natural father's parental rights on the ground of abandonment.

On September 18, 1992, the mother married Loyall F. Jones, who, in a separate proceeding, adopted the child. The final order of adoption was entered on February 23, 1993.

The appellant responded to the respondents' motion that she be held in contempt for refusing to allow visitation as provided in the court order, with a petition that the respondents' visitation privileges be terminated. . . .

*Simmons,* 900 S.W.2d at 682-83.

The Trial Court entered judgment for the grandparents, and this Court affirmed. The

Supreme Court reversed and said:

Resolution of the issue presented begins with a review of the decision in *Hawk v. Hawk,* 855 S.W.2d 573 (Tenn.1993), in which the Court held:

Article I, Section 8 of the Tennessee Constitution protects the privacy interest of these parents in their child-rearing decisions, so long as their decisions do not substantially endanger the welfare of their children. Absent some harm to the child, we find that the state lacks a sufficiently compelling justification for interfering with this fundamental right. When applied to married parents who have maintained continuous custody of their children and have acted as fit parents, we conclude that court interference pursuant to T.C.A. § 36-6-301 constitutes an unconstitutional invasion of privacy rights under the Tennessee Constitution.

*Id. at 582.*

. . . .

After an extensive review of prior decisions of this Court and cases from other jurisdictions, the Court in *Hawk v. Hawk* expressly rejected the proposition that the courts may engage in best interest analysis without first determining the threshold

issue - substantial danger of harm to the child. The court stated:

> In light of [the constitutional right of privacy acknowledged in *Davis v. Davis,* 842 S.W.2d 588 (Tenn. 1992)], we believe that when no substantial harm threatens a child's welfare, the state lacks a sufficiently compelling justification for the infringement on the fundamental right of parents to raise their children as they see fit. Thus, we find the statute to be unconstitutional under Article I, Section 8 of the Tennessee Constitution, as applied to this married couple, whose fitness as parents is unchallenged.

855 S.W.2d at 577.

. . . .

> The trial court did not find that the child was in danger of substantial harm. . . .

> Since the record shows that the threshold issue - danger of substantial harm - has not been established, the appellant and the adoptive father are entitled to constitutional protection of their parental rights.

*Simmons,* at 683-85.

The only discernable difference between the facts of this case and those of *Simmons* is that, in *Simmons,* the parental rights of the natural father had been judicially terminated and, in the present case, the natural father had died. This is not deemed to be a distinguishing difference.

In *Hawk v. Hawk*, Tenn. 1993, 855 S.W.2d 573, the two children were initially permitted to visit in the home of their paternal grandparents. When visitation was terminated by the joint decision of the parents, the grandparents sued to enforce the visitation provided by T.C.A. § 36-6-301. The parents resisted the suit asserting that to enforce visitation over their objection would violate their parental rights and the Fourteenth Amendment of the Constitution of the United States. The Trial Court granted visitation, and this Court affirmed. The Supreme Court reversed and said:

> . . . This Court has asked that the parties also address the constitutionality of the statute under the Tennessee

Constitution, with particular reference to *Davis v. Davis,* 842 S.W.2d 588 (Tenn.1992), the case which acknowledged a right to privacy under the Tennessee Constitution. In light of this right to privacy, we believe that when no substantial harm threatens a child's welfare, the state lacks a sufficiently compelling justification for the infringement on the fundamental right of parents to raise their children as they see fit. Thus, we find the statute to be unconstitutional under Article I, Section 8 of the Tennessee Constitution, as applied to this married couple, whose fitness as parents is unchallenged. This result relieves us of the necessity of addressing the constitutionality of the statute under the federal constitution and, accordingly, we pretermit this issue.

. . . Tennessee law has long held that

> . . . a parent is entitled to the custody, companionship,, and care of the child, and should not be deprived thereof except by due process of law. It is a natural right, but not an inalienable one. The parents are trusted with the custody of the child upon the idea that under the instincts of parental devotion it is best for the child.

*State ex re. Bethell v. Kilvington,* 100 Tenn. 227, 236, 45 S.W. 433, 435 (1898). This Court has further held that

> [t]he relations which exist between parent and child are sacred ones . . . . The right to the society of the child exists in its parents; the right to rear it, to its custody, to its tutorage, the shaping of its destiny, and all of the consequences that naturally follow from the relationship are inherently in the natural parents, and they cannot be deprived of these rights without notice, and upon some ground which affects materially the future of the child.

*In re Knott,* 138 Tenn. 349, 355, 197 S.W. 1097, 1098 (1917). *Knott* thus upheld the custodial rights of a natural father who had not been proven unfit against prospective adoptive parents in far "better financial condition." . . .
. . . .
We hold that Article I, Section 8 of the Tennessee Constitution protects the privacy interest of these parents in their child-rearing decisions, so long as their decisions do not substantially endanger the welfare of their children. Absent some harm to the child, we find that the state lacks a sufficiently compelling justification for interfering with this fundamental right. When applied to married parents who have maintained continuous custody of their children and have acted as fit parents, we conclude that court interference pursuant to T.C.A. § 36-6-301 constitutes an unconstitutional invasion of privacy rights under the Tennessee Constitution. We therefore

> reverse both the judgment of the trial court and that of the
> Court of Appeals granting visitation in this case.

*Hawk,* 855 S.W.2d at 577-78, 582.

*In Re: Knott,* cited above, involved an adoption with the consent of the mother, but over the objections of the father who was separated from the mother. The Supreme Court denied the adoption and granted custody to the father.

In *Hawk v. Hawk,* both natural parents were alive, but only one parent survives in the present case. It is fundamental that upon the death of one parent, the surviving parent succeeds to sole control of the children of the parents. 67A C.J.S. Parent and Child, § 16, p.202 n.50 and authorities there cited.

In *Simmons v. Simmons,* the mother had remarried and the new husband had adopted the child. In the present case, the mother of the child has remarried and the new husband has adopted the children, but is not participating in the present case. No reason occurs to this Court why the rights of the surviving parent should not be enforced without the joinder of the adoptive father. Custody and control of children by a surviving parent should never be denied or interfered with except for the most cogent reasons. 67A C.J.S. - Parent and Child § 16 p.203 n.51 and authorities there cited.

It may be argued that the consent of the mother to the "agreed order" allowing visitation by petitioners was a waiver of her right and power to control visitation, but this Court does not find that such agreement waived the constitutional power of the mother to control the associations of her children as circumstances from time to time influence her decisions.

For the reasons stated, the judgment of the Trial Court is reversed and vacated and the suit of the grandparents is dismissed. All costs including costs of this appeal, are adjudged

-9-

against the petitioners.  The cause is remanded for entry and enforcement of a judgment in conformity with this opinion.

Reversed, vacated, dismissed and remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
BEN H. CANTRELL, JUDGE